IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
ROGER HOLBROOK,              )
                             )
Petitioner,                  )
                             )
vs.                          )     CAUSE NO. 3:10-CV-261
                             )
SUPERINTENDENT,              )
                             )
Respondent.                  )
```

**OPINION AND ORDER**

This matter is before the Motion to Dismiss, filed by Respondent, Deputy Attorney General, on September 13, 2010 (DE #4). Respondent asks the court do dismiss the petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Roger Holbrook, a *pro se* prisoner, challenging a disciplinary determination made by a hearing officer at Indiana State Prison ("ISP") under case number ISP 09-08-133 (DE #1). For the reasons set forth below, the Motion to Dismiss is **GRANTED** and the habeas corpus petition is **DISMISSED WITH PREJUDICE.**

BACKGROUND

On September 1, 2009, Holbrook was found guilty of unauthorized possession of an electronic device in violation of disciplinary rule B207. (DE #5-1.) Among other sanctions, he lost 15 days of earned time credits. (*Id.*) After Holbrook filed this

habeas petition, the Indiana Department of Correction ("IDOC") final reviewing authority dismissed the disciplinary case, rescinded the sanction, and restored Holbrook's earned time credits. (DE #5-2.)

DISCUSSION

Based on the final reviewing authority's actions, the Respondent moves to dismiss the petition. More than 60 days have passed since the motion to dismiss was filed, and Holbrook has not filed a response or objection to the motion. Because the disciplinary case has been dismissed and Holbrook's earned time credits restored, there is nothing left for him to challenge in this proceeding. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary determination in habeas proceeding only when punishment imposed lengthens the duration of his confinement). Accordingly, the petition must be dismissed.

CONCLUSION

For the reasons set forth above, the Motion to Dismiss (DE #4) is **GRANTED** and the habeas petition (DE #1) is **DISMISSED WITH PREJUDICE.**

**DATED: December 7, 2010**           /s/ RUDY LOZANO, Judge
                                      **United States District Court**